UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JACK CREEDEN,

        Plaintiff,

v.                                  Case No. 13-1176-JPO

JOEL TORRES,

        Defendant.

### MEMORANDUM AND ORDER

This personal injury case is before the court on defendant Jack Creeden's motion to dismiss for lack of subject matter jurisdiction, under Fed. R. Civ. P. 12(b)(1) **(doc. 17)**. The plaintiff, Jack Creeden, alleges in the complaint (doc. 1) that he is a resident and citizen of the state of Colorado. But the defendant, Joel Torres, who is a resident and citizen of Kansas, asserts that plaintiff is a citizen of Kansas, not Colorado, such that diversity jurisdiction does not exist under 28 U.S.C. § 1332(a). After reviewing the parties' submissions, the court has determined that diversity is lacking, and that the case must therefore be dismissed.

**I.    Background**

Plaintiff was injured in an automobile accident on May 8, 2011 in Satanta, Kansas.[1] Following the accident, plaintiff timely filed suit against defendant in the District Court of Reno County, Kansas.[2] However, the suit was transferred to the District

---

[1] Doc. 1.

[2] *See* docs. 18-2 and 23.

Court of Haskell County, Kansas pursuant to K.S.A. § 60-609.[3] Plaintiff dismissed the state court case on April 30, 2013 without prejudice.[4] One week later, plaintiff filed suit in this court on the basis of diversity jurisdiction.[5]

On July 5, 2013, defendant served discovery requests on plaintiff requesting evidence of diversity of citizenship at the time of filing suit.[6] Defendant also deposed plaintiff on September 13, 2013.[7] Plaintiff asserts he changed his domicile to Colorado in late April 2013 before filing suit in federal court on May 7, 2013. Plaintiff relies upon his deposition transcript and deposition exhibits, which include affidavits of plaintiff and his sister. Defendant asserts plaintiff is still a citizen and resident of the state of Kansas and argues there is no evidence, other than plaintiff's subjective allegations, that plaintiff was a resident of Colorado when this suit was filed.

## II. Discussion

28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States…." For purposes of diversity jurisdiction, a person is considered a citizen of the

---

[3] *See* doc. 18-2.

[4] Doc. 23.

[5] Doc. 1.

[6] Doc. 18-1.

[7] Doc. 18.

state in which he is domiciled.[8]  Domicile is established by physical presence in a place accompanied by an intent to remain there.[9]  Residence in a given state does not establish citizenship for diversity purposes, and the court must look to plaintiff's "entire course of conduct" to determine citizenship.[10]  The requisite intention is to remain at that place for an unlimited or indefinite period of time.[11]  "Residence and intent are inextricable elements of domicile.  If unaccompanied by the necessary intent, residence alone is not determinative of citizenship."[12]

Because the federal courts are courts of limited jurisdiction, however, there is a presumption against the existence of diversity jurisdiction.[13]  Once allegations of diversity have been challenged, the party invoking federal jurisdiction must prove citizenship by a preponderance of the evidence.[14]  In determining diversity jurisdiction,

---

[8] *Cressler v. Neuenschwander*, 930 F.Supp. 1458, 1460 (D. Kan. 1996) (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983)).

[9] *Id.* (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

[10] *Holtman v. Scates*, No. 88-2194, 1989 WL 45393, at *1 (D. Kan. Apr. 27, 1989) (citations omitted).

[11] *Field v. Swade*, No. 98-2271, 1998 WL 560003, at *1 (D. Kan. Aug. 21, 1998) (citation omitted).

[12] *Id.* (citations omitted).

[13] *Cressler*, 930 F.Supp. at 1460 (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

[14] *Id.* (citing *Mid-Continent Pipe Line Co. v. Whiteley*, 116 F.2d 871, 873 (10th Cir. 1940)).

domicile is assessed as of the date the complaint is filed.[15] Courts have also recognized a presumption of an established domicile over a newly acquired one.[16]

Under the circumstances of a recent change in residence, courts often look to objective indicia of intent, such as the place of employment, driver's license, automobile registration, bank accounts, tax payments, location of personal property, and voting practices.[17] Statements of intent are accorded minimal weight relative to these objective factors.[18]

### A. Voting

Voter registration, a factor considered by many courts to be of special importance, does not weigh in plaintiff's favor.[19] During his deposition, plaintiff was asked to provide any evidence that he registered to vote in Colorado.[20] Plaintiff claimed he is registered to vote in Colorado but could not provide an exact date of registration and promised to provide evidence of such.[21] Defendant asserts that to date plaintiff has not

---

[15] *Bair v. Peck*, 738 F.Supp. 1354, 1356 (D. Kan. 1990) (citing *Johnston v. Cordell Nat'l Bank*, 421 F.2d 1310, 1311 (10th Cir. 1970)).

[16] *Cressler*, 930 F.Supp. at 1460 (citing *Bair v. Peck*, 738 F.Supp. 1354, 1356 (D. Kan. 1990)).

[17] *Bair*, 738 F.Supp. at 1356 (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

[18] *Id.* (citing *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir. 1985)).

[19] *Cressler*, 930 F.Supp. at 1460 (citations omitted).

[20] Doc. 23-1 at 21.

[21] *Id.*

provided any information or evidence to show plaintiff was registered to vote in Colorado when he filed suit. In response, plaintiff provided two sworn affidavits from plaintiff and plaintiff's sister, which state that "since late April 2013," plaintiff registered as a Colorado voter.[22] "Since late April 2013" is ambiguous at best. From this evidence, the court cannot determine if plaintiff was registered to vote in Colorado as of May 7, 2013. Plaintiff provides no documentary or other evidence to support his assertion that he was registered to vote in Colorado on or before May 7, 2013. Plaintiff has failed to meet his burden. Therefore, this factor does not weigh in plaintiff's favor.

### B. Driver's license and automobile registration

Plaintiff testified that he took the Colorado driving test on "May the 6th or 7th or somewhere around in there."[23] Plaintiff also testified, though, that the only legible documents showing his driver's license history in Colorado are dated June 13, 2013 and July 26, 2013.[24] Notably, plaintiff submitted evidence of vehicle insurance, inspection, and registration in Colorado dated June 13, 2013 and June 24, 2013, both dates being subsequent to May 7, 2013.[25] Plaintiff also submitted his sworn answer to one of defendant's interrogatory requests, stating that his Colorado driver's license was issued on *May 10, 2013* but was lost and reissued on July 26, 2013.[26]

---

[22] Doc. 23-2 at 2-3.

[23] Doc. 23-1 at 9.

[24] *Id.* at 11.

[25] Doc. 23-3 at 3-5.

In addition, plaintiff testified that he has registered one vehicle in Colorado but he cannot remember what date or month he registered this vehicle.[27] Moreover, plaintiff admitted in his deposition that he has seven or eight other vehicles in Kansas at his prior residence.[28] Although plaintiff's affidavit states that "since late April 2013," plaintiff has registered a vehicle in Colorado and obtained a Colorado's driver's license, this evidence is afforded little weight because "since late April 2013" does not necessarily mean on or before May 7, 2013. In fact, the prior sworn testimony of plaintiff suggests plaintiff applied for his driver's license no sooner than May 10, 2013. In light of the foregoing, plaintiff's driver's license and vehicle registration weigh in defendant's favor.

### C. Taxes

Plaintiff testified that he paid some taxes in Kansas but he is not sure if they were for the year 2012 or 2013; accordingly, plaintiff promised to provide tax information to defendant.[29] Defendant asserts that plaintiff has produced no such documents.[30] Plaintiff provided no evidence that he paid taxes in Colorado in response to defendant's motion to

---

[26] *Id.* at 8.

[27] Doc. 23-1 at 18-19.

[28] *Id.* at 19.

[29] *Id.* at 27.

[30] Doc. 18 at 3.

dismiss.³¹ Because the only evidence before the court is testimony that plaintiff paid taxes in Kansas in 2012 or 2013, this factor weighs slightly in defendant's favor.

### D. Manner in which individual lives

Courts often consider the "manner in which an individual lives, taken in connection with his station in life, i.e., whether he rents or buys a home."³² Plaintiff asserts that he moved in with his sister in Colorado.³³ Plaintiff does not own a home in Colorado, rent a home in Colorado, or pay any bills or utilities in Colorado.³⁴ In fact, plaintiff still owns a double-wide trailer in Kansas, which was his residence prior to his move to Colorado.³⁵ Plaintiff also admitted during his deposition that he has moved "some" but not "much" of his furniture from his prior residence in Kansas.³⁶ In addition, plaintiff still owns a physical shop and business next to his prior residence in Kansas.³⁷ Plaintiff testified that his equipment and tools are still in that shop.³⁸

---

³¹ Doc. 23.

³² *Cressler*, 930 F.Supp. at 1461.

³³ Doc. 23-1 at 20.

³⁴ *Id.*

³⁵ *Id.* at 22-24.

³⁶ *Id.* at 25.

³⁷ *Id.*

³⁸ *Id.*

In contrast, plaintiff's affidavit states that plaintiff brought most of his property to Colorado "during the move."[39] However, plaintiff's affidavit does not provide the date he moved this property, any specifics about what property was moved, or what property still remains in Kansas. Plaintiff's deposition suggests that most of his property remained in Kansas as of September 13, 2013.

Plaintiff testified that he has a different cell phone number than the one he previously owned when he lived in Kansas.[40] However, plaintiff stated that his new cell phone has a *Kansas* number.[41] Despite plaintiff's sworn testimony to the foregoing, plaintiff's more recent affidavit states that "since late April 2013," plaintiff has changed his personal phone number to a Colorado number.[42] This suggests that plaintiff's use of "since late April 2013" does not necessarily mean on or before May 7, 2013, the only relevant time period for assessing plaintiff's domicile.

Plaintiff asserts that an e-mail from the principal at his son's school in Kansas is evidence of plaintiff's intent to remain in Colorado. The e-mail states that plaintiff's son was transferred out of Santanta Grade School on April 29, 2013.[43] Plaintiff also submitted two affidavits that state plaintiff enrolled his son in the Colorado local school

---

[39] Doc. 23-2 at 3.

[40] Doc. 23-1 at 20.

[41] *Id.* at 21.

[42] Doc. 23-2 at 3.

[43] Doc. 23-3 at 2.

system.[44] However, plaintiff testified that his son was not enrolled in school in Colorado until the beginning of this year and after May 2013.[45] The withdrawal of plaintiff's son from school in Kansas without proof of his enrollment in Colorado school until after May 2013 does not substantiate his residency or intent to remain in Colorado at the time plaintiff filed suit.

Plaintiff submitted receipts of different purchases he allegedly made in Colorado on or before the date he filed suit in order to show his intent to remain in Colorado.[46] However, all of the purchases were made with cash, and the receipts have no identifying feature that shows the purchases were necessarily made by plaintiff.[47] These receipts support plaintiff's contention that he was physically present in Colorado on or before the date plaintiff filed suit. But receipts from the purchase of toys, tools, and a movie ticket do not provide adequate proof to show plaintiff intended to remain in Colorado.

Finally, plaintiff testified that he has not worked since he moved to Colorado.[48] His last place of employment was with Katz Liquor in Ulysses, Kansas.[49] Overall, the court finds that the objective factors that describe the manner in which plaintiff lived do

---

[44] Doc. 23-2 at 2-3.

[45] Doc. 23-1 at 29.

[46] *Id.* at 50-54.

[47] *Id.* at 13-15.

[48] *Id.* at 45.

[49] *Id.*

not show that plaintiff intended to stay in Colorado and most if not all of the factors weigh in defendant's favor.

In summary, plaintiff has produced very little evidence to show he was both physically present in Colorado and intended to remain in Colorado on or before May 7, 2013. To show intent to remain in Colorado, plaintiff relies almost exclusively on his affidavit, which states that he intended to remain in Colorado indefinitely at the time he filed suit. But as earlier indicated, statements of intent are accorded minimal weight relative to objective factors.[50] It is plaintiff's burden to establish he was domiciled in Colorado at the time he filed suit. Examining plaintiff's entire course of conduct and the objective indicia of intent, the court finds that plaintiff did not prove by a preponderance of the evidence that he intended to stay in Colorado at the time he filed suit. Without the requisite intent to remain in Colorado, residence alone is not determinative of citizenship.

Because plaintiff has failed to meet his burden to show he changed his domicile to Colorado prior to filing suit, his former domicile, Kansas, remains the legally controlling one. Consequently, plaintiff and defendant were not of diverse citizenship at the time plaintiff filed his complaint and the court must dismiss the case for lack of subject matter jurisdiction.

In consideration of the foregoing,

IT IS THEREFORE ORDERED that defendant's motion to dismiss for lack of subject matter jurisdiction **(doc. 17)** is granted. This action is dismissed.

---

[50] *Bair*, 738 F.Supp. at 1356 (citing *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir. 1985)).

Dated November 21, 2013 at Kansas City, Kansas.

                                        <u>s/ James P. O'Hara</u>
                                        James P. O'Hara
                                        U.S. Magistrate Judge